IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,** | **CASE NO. 1:20-CV-02505-PAB** |
| Plaintiff, | **JUDGE PAMELA A. BARKER** |
| -vs- | |
| **HUGHE DUWAYNE GRAHAM, et al.,** | **MEMORANDUM OPINION AND ORDER** |
| Defendants. | |

This matter comes before the Court upon Plaintiff Securities and Exchange Commission's ("Plaintiff" or "Commission") Motion to Amend Default Judgment against Defendants Hughe Duwayne Graham ("Graham") and Donald Howard ("Howard") (collectively, "Defendants") ("the Commission's Motion"). (Doc. No. 29.) Neither Defendant has filed an Opposition to the Commission's Motion. Finding the Commission's Motion well-taken, the Court GRANTS the Commission's Motion to Amend Default Judgment (Doc. No. 29), VACATES the Court's prior Memorandum Opinion and Order (Doc. No. 27), and VACATES the Court's prior entry of Default Judgment (Doc. No. 28). The Court shall issue an Amended Memorandum Opinion and Order and Amended Default Judgment contemporaneously and in accordance with this Opinion.

I.  **Background**

Previously, this Court issued a Memorandum Opinion and Order granting the Commission's Motion for Default Judgment and entered default judgment against Defendants in accordance with the Court's opinion. (Doc. Nos. 27, 28.) The Commission has now moved to amend the Court's default judgment due to an error "arising from Commission staff's mistaken request for a

disgorgement remedy (and prejudgment interest thereon) that was not pled in the Commission's [First Amended] Complaint or otherwise sought in this case," (Doc. No. 29), but which appeared in the Commission's Motion for Default Judgment (Doc. No. 26) and in the Court's prior opinion (Doc. No. 27).

In its First Amended Complaint, the Commission sought limited relief as to the Defendants, including the entry of permanent injunctions against them and an order requiring each Defendant to pay civil monetary penalties. (*See* Doc. No. 16 at PageID# 100.) The Commission represents that in its Motion for Default Judgment, "Commission staff inadvertently sought a disgorgement remedy that was not pled in the [First Amended] Complaint or authorized by the Commission." (Doc. No. 29 at ¶ 2; *see also* Doc. No. 26 at PageID#s 135-37 & Doc. No. 26-1.) In particular, Commission staff requested—and the Court awarded—disgorgement of ill-gotten gains of $443,127 (along with $43,940.99 in prejudgment interest) as to Graham, and disgorgement of ill-gotten gains of $118,800 (along with $14,142.05 in prejudgment interest) as to Howard. (*See* Doc. No. 26 at PageID#s 135-37; Doc. No. 27 at PageID#s 163-66, 171.) The Commission asserts that "[i]n making this request, Commission staff was under the mistaken impression, and thus erroneously represented to the Court, that the [First Amended] Complaint included a request for relief in the form of 'disgorgement of ill-gotten gains.'" (*See* Doc. No. 26 at PageID# 129; Doc. No. 26-1 at ¶¶ 3, 8-10.)

Because the Commission did not plead a disgorgement remedy in the First Amended Complaint, and because Commission staff was not authorized to seek such a remedy, the Commission now moves the Court to "amend[] the final judgment to excise the disgorgement remedies as to Howard and Graham." (Doc. No. 29 at PageID# 178.) The Commission maintains that this "is necessary to correct the Commission's oversight and prevent a manifest injustice." (*Id.*)

## II. Standard of Review

Fed. R. Civ. P. 59(e) permits a party to file a motion to alter or amend a judgment no later than 28 days after the entry of the judgment. "The purpose of Rule 59(e) is 'to allow the district court to correct its own errors, sparing the parties and appellate courts the burden of unnecessary appellate proceedings.'" *Healthspot, Inc. v. Computerized Screening, Inc.*, No. 1:14-cv-804, 2015 WL 12746397, at *1 (N.D. Ohio Dec. 4, 2015) (citations omitted). "A district court may alter or amend its judgment based on '(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice.'" *Brumley v. United Parcel Serv., Inc.*, 909 F.3d 834, 841 (6th Cir. 2018) (quoting *Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv.*, 616 F.3d 612, 615 (6th Cir. 2010)). Moreover, Fed. R. Civ. P. 60(a) provides:

> **(a) Corrections Based on Clerical Mistakes; Oversights and Omissions.** The court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record. The court may do so on motion or on its own, with or without notice. But after an appeal has been docketed in the appellate court and while it is pending, such a mistake may be corrected only with the appellate court's leave.

"The basic purpose of the rule is to authorize the court to correct errors that are mechanical in nature." *Braun v. Ultimate Jetcharters, LLC*, 828 F.3d 501, 515 (6th Cir. 2016) (quoting *In re Walter*, 282 F.3d 434, 440 (6th Cir. 2002)). "Whereas Rule 60(a) may *not* be used in 'instances where the court changes its mind, either because it made a legal or factual mistake in making its original determination,' . . . the Rule *can* be used to 'correct mistakes or oversights that cause the judgment to fail to reflect what was intended at the time of trial.'" *Braun*, 828 F.3d at 515 (quoting *In re Walter*, 282 F.3d at 441). "[W]hen a court has undertaken to 'make the judgment or record speak the truth' rather than 'something other than what was originally pronounced[,]' the court has not abused its discretion in granting relief under Rule 60(a)." *In re Walter*, 282 F.3d at 441 (citation omitted).

### III. Analysis

The Court finds the Commission's Motion well-taken and concludes that grounds exist under both Rules 59(e) and 60(a) for granting the relief the Commission seeks. The Court will amend its prior Memorandum Opinion and Order (Doc. No. 27) and Default Judgment (Doc. No. 28) to excise any references to an award of disgorgement and accompanying prejudgment interest. Despite the Commission having moved for the award of disgorgement and prejudgment interest, this remedy was not pled in the Commission's First Amended Complaint. Here, "Plaintiff is not attempting to assert new claims, but only to have the Default Judgment reflect what Plaintiff had alleged in its [First Amended] Complaint. Therefore, the Court needs to do nothing more difficult than the ministerial task of correcting the record to reflect the original intention of Plaintiff." *In re Lee Way Holding Co. v. A Beam's Sec.*, 113 B.R. 406, 408 (Bankr. S.D. Ohio 1990). Moreover, despite allowing time for Defendants to do so, neither Defendant has opposed the Commission's Motion. Indeed, the granting of the Commission's Motion benefits both Defendants.

Accordingly, the Court will amend its prior Memorandum Opinion and Order and accompanying Default Judgment to remove the award of disgorgement and prejudgment interest against Defendants that was not pled in the Commission's First Amended Complaint.

### IV. Conclusion

The Court GRANTS Plaintiff's Motion to Amend Default Judgment (Doc. No. 29). The Court VACATES its prior Memorandum Opinion and Order (Doc. No. 27) and VACATES its prior Default Judgment (Doc. No. 28). The Court shall issue an Amended Memorandum Opinion and Order and Amended Default Judgment in accordance with this Opinion.

**IT IS SO ORDERED.**

Date: November 12, 2021

      *s/Pamela A. Barker*
PAMELA A. BARKER
U.S. DISTRICT JUDGE